**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHEEX, INC.,<br><br>Defendant. | Case No. 3:25-cv-05807<br><br>**DEFENDANT SHEEX, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Pierce County Superior Court Case No. 25-2-10516-0] |

**TO:** The Clerk of the Court;

**AND TO:** Plaintiff Andrew Devivo and His Counsel of Record.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Sheex, Inc. ("Defendant") hereby removes the action *Andrew Devivo, et al. v. Sheex, Inc.* pending in the Superior Court of the State of Washington, County of Pierce, Case No. 25-2-10516-0 (the "State Court Action") to the United States District Court for the Western District of Washington. As grounds for removal, Defendant respectfully states as follows:



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

## I. INTRODUCTION

The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II. BACKGROUND

1. On August 8, 2025, Plaintiff Andrew Devivo ("Plaintiff"), purportedly on his own behalf and all other similarly situated, filed the State Court Action in the Superior Court of the State of Washington for Pierce County (the "Complaint"). Defendant was served with the Complaint on August 11, 2025. True and correct copies of the Summons, Complaint, and other documents filed in the State Court Action are attached as **Exhibit A**.

2. Plaintiff contends that Defendant violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190.020 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86.020 RCW, by sending emails with misleading or false subject lines to Washington consumers for the commercial purpose of marketing Sheep's products.

3. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which Defendant expressly denies—or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

4. This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.”).

5. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

6. Furthermore, the *Dart Cherokee* decision held that “no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court,” adding that “CAFA should be read ‘with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.’” *Dart Cherokee*, 574 U.S. 81 at 554.

7. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to “interpret CAFA’s provisions under section 1332 *broadly in favor of removal*.” *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (“Congress intended CAFA to be interpreted expansively.”).

8. In *Bridewell-Sledge v. Blue Cross*, the Ninth Circuit held that under *Dart Cherokee*, the district court erred “in its remand orders by applying a ‘strong presumption against removal jurisdiction.’” *Bridewell-Sledge*, 798 F.3d 923, 929 (9th Cir. 2015).

## IV. THE REQUIREMENTS OF REMOVAL UNDER CAFA ARE SATISFIED

### a. Minimum Diversity Exists

9. Diversity exists for purposes of removal under CAFA where “any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2). “[T]he term ‘class members’ means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.” 28 U.S.C. § 1332(d)(1)(D).

10. For purposes of diversity jurisdiction under CAFA, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place business. 28 U.S.C. § 1332(c)(1). The “principal place of business” for the purpose of determining diversity subject matter jurisdiction refers to “the place where a corporation’s officers direct, control, and coordinate the corporation’s activities . . . [I]n practice it should normally be the place where the corporation maintains



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

11. At the time Plaintiff commenced the State Court Action, Sheex was an incorporated entity organized under the laws of the state of Delaware with its principal place of business in the state of New Jersey. Accordingly, for purposes of establishing CAFA diversity, Sheex is a citizen of Delaware and New Jersey.

12. On the other hand, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Andrew Devivo was a resident of Pierce County, Washington at the time of the commencement of the State Court Action. (Compl. ¶ 10.) Moreover, Plaintiff seeks to certify a class of, *inter alia,* "Washington citizens holding an email address to which Defendant sent or caused to be sent any email . . ." (*Id.* at ¶ 69.)

13. Because Plaintiff and putative class members are citizens of Washington, and Defendant is a citizen of Delaware and New Jersey, CAFA's diversity-of-citizenship requirement is satisfied.

**b. <u>The Proposed Class Includes At Least 100 Members</u>**

14. Plaintiff seeks to certify a class of "all Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [to the Complaint] during the Class Period." (*Id.* at ¶¶ 69, 71.) He claims that "The Class is so numerous that joinder of all members is impracticable because the Class is estimated to ***minimally contain thousands of members***." (*Id.* at ¶ 73) (emphasis added).

15. Defendant disputes Plaintiff's allegations of wrongdoing and disputes that this matter is appropriate for class treatment or that any class could ever be certified. However, in light of Plaintiff's estimate that the class contains thousands of members, the number of members in the alleged putative class is at least 100.



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

**c. The Amount in Controversy Exceeds $5 Million**

16. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

17. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id.* § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

18. Again, Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiff's claims. Nevertheless, Defendant has calculated the amount in



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of individual putative class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiff's CPA action well above $5,000,000.

19. Plaintiff seeks $500 in statutory damages *per violative email* sent by Sheex over the *last four years*. (Compl. at ¶¶ 69, 96.) ("Plaintiff and putative members are entitled to . . . damages of $500 per violation.")

20. Plaintiff claims that during the class period, Sheex sent 14 emails that violate CEMA. (Exh. A to Compl.) He also claims that the "the Class is estimated to minimally contain thousands of members." (*Id*. at ¶ 73). Thus, accepting Plaintiff's allegations as true, even if the class contained just 2,000 class members, and each received just 5 of the challenged emails, then the amount of potential damages at issue would satisfy the $5,000,000 amount in controversy requirement (2,000 people x 5 emails x $500/email = $5,000,000).

21. Plaintiff further seeks treble damages. (*Id*. at ¶ 96.) Based on this request, the amount in controversy requirement would be more than satisfied if each of 2,000 consumers received just 2 emails ($1,500/violation x 2 emails x 2,000 Washington customers = $6,000,000).

22. Plaintiff also seeks attorneys' fees and costs. (*Id*.) Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy about CAFA's threshold.

**d. <u>No CAFA Exceptions Apply</u>**

23. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to



**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250 FAX (628) 221-5858

prove an exception to CAFA's jurisdiction.").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

24. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court of the State of Washington for the County of Pierce is located within the Western District of Washington.

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated – August 11, 2025. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

26. Further, notice of this removal will be filed with the Clerk of the Pierce County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Pierce County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court" and Plaintiff has been served with all filings.

## VI. CONCLUSION

27. Wherefore, Defendant Sheex, Inc. request that the State Court Action now pending against them in the Superior Court of Washington, County of Pierce, be removed to this Court.

Dated: September 10, 2025

Respectfully submitted,

*s/ Meegan B. Brooks*_______________
MEEGAN B. BROOKS (WA 62516)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2232
Email: mbrooks@beneschlaw.com

*Attorney for Defendant Sheex, Inc.*