# Exhibit A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 08 2025 10:20 AM

PIERCE COUNTY CLERK
**NO: 25-2-10516-0**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEEX, INC.,<br><br>Defendant. | Case No.: 25-2-10516-0<br><br>SUMMONS |

TO: Sheex, Inc., Defendant.

A lawsuit has been started against you in the above-entitled court by Andrew Devivo, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the Plaintiff within 60 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one in which Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff's attorneys. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

RESPECTFULLY SUBMITTED AND DATED this 8th day of August, 2025.

By: /s/ Walter Smith
Smith & Dietrich Law Offices, PLLC
Walter Smith, WSBA #46695
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Samuel J. Strauss
Raina C. Borrelli*
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Attorneys for Plaintiff
* Applications for admission pro hac vice forthcoming

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 04 2025 3:13 PM

PIERCE COUNTY CLERK
**NO: 25-2-10516-0**

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

ANDREW DEVIVO
Plaintiff(s)

Vs.

INC. SHEEX
Defendant(s)

No. 25-2-10516-0
ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | CPA |
| Estimated Trial (days): | |
| Track Assignment: | Standard |
| Assignment Department: | 08 |
| Docket Code: | **ORSCS** |

| | |
|---|---|
| Confirmation of Service - All Parties Served | 9/1/2025 |
| Confirmation of Joinder of Parties, Claims and Defenses | 12/1/2025 |
| Jury Demand | 12/8/2025 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 1/26/2026 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 2/23/2026 |
| Disclosure of Rebuttal Witnesses | 4/13/2026 |
| Deadline for Filing Motion to Adjust Trial Date | 5/11/2026 |
| Discovery Cutoff | 6/15/2026 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 6/29/2026 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 7/6/2026 |
| Deadline for Hearing Dispositive Pretrial Motions | 7/6/2026 |
| Joint Statement of Evidence | 7/6/2026 |
| Pretrial Conference | Week of 7/20/2026 |
| Trial | 8/3/2026 9:00 |

**NOTICE TO PLAINTIFF/PETITIONER**

If the case has been fields, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

A FREE LINX account is required in order to access electronic services (including e-filing, e-service, order submissions, etc). You can setup your free LINX account here: **https://www.piercecountywa.gov/374/E-Filing**

**NOTICE TO ALL PARTIES**

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: August 4, 2025

Judge Grant Blinn
Department 08

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 04 2025 3:13 PM

PIERCE COUNTY CLERK
NO: 25-2-10516-0

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEEX, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Andrew Devivo, on his own behalf and on behalf of others similarly situated, on information and belief except to his own experiences and matters of public record, complains of Defendant Sheex, Inc. as follows:

## I. INTRODUCTION

1. In 1998, to protect Washington consumers from the annoyance and harassment caused by the burgeoning spam email industry, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code of Washington (RCW).

2. Among other things, CEMA prohibits transmitting a commercial email to a Washington resident's email address that "[c]ontains false or misleading information in the subject



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

line." RCW 19.190.020(1)(b).

3. Defendant Sheex, Inc. ("Sheex"), does just what CEMA prohibits.

4. Sheex bombards Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

5. This false urgency wastes consumers' time by enticing them to engage with Sheex's marketing for fear of missing out and chokes consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short.

6. And through this deceptive time-sensitivity, Sheex falsely narrows the field—steering consumers away from shopping for better deals—to its own products that must be purchased *now*.

7. Plaintiff challenges Sheex's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction of this case under RCW 2.08.010.

9. Venue is proper in Pierce County under RCW 4.12.020(3) because Plaintiff's cause of action, or some part thereof, arose in Pierce County.

## III. PARTIES

10. Plaintiff Andrew Devivo is a resident of Pierce County, Washington.

11. Defendant Sheex, Inc., is a corporation incorporated in New Jersey with its principal place of business at 1814 East Route 70, Suite #350, Cherry Hill, NJ 08003.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## IV. FACTUAL ALLEGATIONS

### A. CEMA protects Washington consumers from deceptive spam emails.

12. The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

13. In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

14. In the nearly three decades since, the problems caused by unsolicited commercial email, *i.e.* spam email, have grown exponentially.

15. And the problems are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

16. In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

17. In 2012, one study estimated that Americans bear "costs of almost $20 billion annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

18. Even when bulk commercial email marketers are operating under color of consumer consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice" approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent: An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

19. Consumers therefore routinely "consent" to receive flurries of commercial emails which they did not meaningfully request and in which they have no genuine interest.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

20. This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

21. Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

22. The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting among other things commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

23. CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

24. CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

25. CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*

26. CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

2025).

27. CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

28. The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B. The subject lines of Sheex's marketing emails make false time scarcity claims.**

29. One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

30. The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patters to Light*, *supra* para. 26, at 22.

31. False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture*, *supra* para. 26, at 26.

32. Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals, by "induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id.*

33. Under time pressure, "consumers might take up an offer to minimise the uncertainty



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

of passing it up." *Id.*

34. False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*.

35. Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id.* at 27.

36. False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id.*

37. These false time scarcity claims are a staple of Sheex's email scheme to corral consumers to purchase its products, as the following examples demonstrate:

38. **Urgent Spam Emails.** Sheex is practiced in this trick of luring in consumers through an urgent subject heading that does not reflect the true availability of the deal itself, as these examples demonstrate:

39. On May 29, 2023, Sheex blasted consumers with an email with the subject heading: "Final Hours for BIG Sitewide Savings," promoting a 25% off deal. But these weren't the "final hours" for this deal.

40. The next day, May 30, 2023, Sheex spammed another email to consumers with the subject heading: "Memorial Day Sale EXTENDED! 25% Off Everything!"

41. In another example, on July 4, 2023, Sheex sent out a spam email with the subject heading: "These Savings are Booming! 🎆 FINAL DAY to Save 25% Sitewide." But July 4th was not the "final day" for 25% off. Once again, Sheex continued the offer on the very next day.

42. On July 5, 2023, Sheex blasted consumers with another email with the subject heading: "LAST CALL for 4th of July Savings! Save 25% on Cooling Sheets for Summer."

43. And in another instance, on November 22, 2023, Sheex bombarded consumers with

another promotional email urgently saying, in the subject heading: "Early Access Black Friday Deals End Today!"

44. But this simply wasn't true. The "Black Friday Deals" continued *three more days*.

45. On November 23, 2023, Sheex continued to offer the Black Friday deal in an email saying in the subject heading: "Black Friday Savings are LIVE!"

46. Then, on Friday, November 24, 2023, Sheex continued its promotion of the Black Friday deals *and* made in *another* call to false urgency, blasting consumers with another email, with the subject heading: "Last Call for HUGE Black Friday Savings!"

47. But it wasn't the "last call." The deal was continued on Saturday, November 25, 2023, when Sheex spammed consumers with an email with the subject heading: "No, Really – Last Chance to Shop Black Friday Savings!"

48. In another instance the next year, Sheex sent another spam email to consumers on May 27, 2024, with the subject heading "Final Hours to BIG Sitewide Savings! Stock up for Summer ☀️" promoting a 25% off deal. But it wasn't the final hours for that sale.

49. The next day, May 28, 2024, Sheex sent another spam email to consumers with the subject heading: "Surprise 🤩 We've Extended These Savings! Another Chance to Save 25% Sitewide[.]"

50. In another example in 2024, Sheex sent another spam email to consumers on July 4, 2024, with the subject heading "Final Hours: Take and Extra 10% Off Our 4th of July Sale! Up to 40% Off Sitewide + an EXTRA 10%." But it was not the final hours for that promotion.

51. The next day, July 5, 2024, Sheex sent another spam email to consumers with the subject heading: "4th of July Savings Extended! For a Limited Time Only."

52. Similarly, Sheex emailed consumers on November 23, 2024, urgently stating in the subject heading: "FINAL DAY: Pre-Black Friday Mystery Deal!"



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

53. But again, November 23 was not the "final day." On November 24, 2024, Sheex blasted consumers with an email with the subject heading: "Black Friday Starts Now at SHEEX!"

54. These and other examples of Sheex's commercial emails whose subject lines contain false or misleading statements are attached to this Class Action Complaint as Exhibit A.

**C. Sheex knows when it sends emails to Washington residents.**

55. A sophisticated commercial enterprise, like Sheex, who is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly with its knowledge.

56. First, the sheer volume of Sheex's email marketing put it on notice that Washington residents would receive its emails. Since 2022, Sheex has been blasting out marketing emails at a rate averaging roughly (at least) 300 per year, 30 per month, and 1 per day.

57. Second, Sheex may obtain location information tied to email addresses when consumers make purchases from Sheex through digital platforms, including Sheex's website, or otherwise self-report such information to Sheex.

58. Third, Sheex may obtain location information tied to email addresses by tracking the IP addresses of devices used to open Sheex's emails, which in turn can be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

59. Specifically, Sheex appears to use the platforms Attentive and Klaviyo to manage its email marketing campaigns. These platforms allow Sheex to identify anyone who receives its marketing emails, determine who opens them, and track who clicks on any links within them.

60. Sheex is likely able to infer the general geographic location of recipients by state based on their IP address at the time of email open or link click.

61. Fourth, Sheex may obtain location information tied to email addresses by



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.

62. Fifth, Sheex may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

63. Sixth, Sheex may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

64. It is thus highly probable that a seller of Sheex's size and sophistication employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

**D. Sheex violated Plaintiff's right under CEMA to be free from deceptive commercial emails.**

65. Sheex has bombarded Plaintiff with commercial emails whose subject lines contain false or misleading statements in violation of his right to be free from such annoyance and harassment under CEMA.

66. Plaintiff received the email promotions described in paragraphs 39, 40, 43, 46, and 47 above.

a. Plaintiff Devivo received the May 29, 2023 email with the subject heading: "Final Hours for BIG Sitewide Savings."

b. Plaintiff Devivo received the May 30, 2023 email with the subject heading: "Memorial Day Sale EXTENDED! 25% Off Everything!"

c. Plaintiff Devivo received the November 22, 2023 email with the subject heading "Early Access Black Friday Deals End Today!"



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

d. Plaintiff Devivo received the November 24, 2023 email with the subject heading: "Last Call for HUGE Black Friday Savings!"

e. Plaintiff Devivo received the November 25, 2023 email with the subject heading "No, Really – Last Chance to Shop Black Friday Savings!"

67. These emails were false or misleading in violation of CEMA, for misrepresenting the timing of the deals, as further described in ¶¶ 3-54.

68. These emails contained false statements of fact as to the "duration or availability of a promotion." *Brown*, 567 P.3d at 47.

## V. CLASS ALLEGATIONS

69. Plaintiff brings this action under Civil Rule 23 on behalf of the following putative class ("Class"):

> All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period.

70. Excluded from this definition of the Class are Defendant's officers, directors, and employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this action may be assigned, as well as their immediate family members.

71. The Class Period extends from the date four years before this Class Action Complaint is filed to the date a class certification order is entered in this action.

72. Plaintiff reserves the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.

73. The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members.

74. There are questions of law or fact common to the class, including without limitation



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

whether Defendant sent commercial emails containing false or misleading information in the subject line; whether Defendant sent such emails to email addresses it knew or had to reason to know were held by Washington residents; whether Defendant's conduct violated CEMA; whether Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act, RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

75. Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff and Class members share the same statutory rights under CEMA and the CPA, which Defendant violated in the same way by the uniform false or misleading marketing messages it sent to all putative members.

76. Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; have no interest adverse to the Class; and have retained competent counsel extensively experienced in consumer protection and class action litigation.

77. Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiff and the Class, which violate CEMA and the CPA in the same way, and from which it may be enjoined as to Plaintiff and all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

78. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class member and that Class member's resulting damages.

79. A class action is superior to other available methods for the fair and efficient



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation and management of this action on as a class presents no special difficulties.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

80. Plaintiff incorporates and realleges paragraphs 1–68 above.

81. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

82. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

83. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

84. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiff and putative members were Washington residents through "information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address". RCW 19.190.020(b)(2).

85. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

86. For Defendant's violation of CEMA, Plaintiff is entitled to all available relief, including an injunction against further violations.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

87. Plaintiff incorporates and realleges paragraphs 1–68 above.

88. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

89. A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

90. A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

91. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message ... to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that ... [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

92. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

93. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

94. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

95. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

96. For Defendant's violation of the CPA, Plaintiff and putative members are entitled to an injunction against further violations; the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

## VII. JURY DEMAND

97. Plaintiff will demand a jury trial by separate document in accordance with Local Civil Rule 38(b).

## VIII. PRAYER FOR RELIEF

Plaintiff asks that the Court:

A. Certify the proposed Class, appoint Plaintiff as Class representative, and appoint undersigned counsel as Class counsel;

B. Enter a judgment in Plaintiff's and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged;

C. Enter a judgment in Plaintiff's and the Class's favor awarding actual or liquidated damages, trebled, according to proof;

D. Award Plaintiff costs of suit, including reasonable attorneys' fees; and

//



**Smith & Dietrich Law Offices PLLC**
1226 State Ave. N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

E. Order such further relief the Court finds appropriate.

Signed and dated August 4, 2025:

Respectfully submitted,

/s/ Walter Smith
Walter M. Smith, WSBA # 46695
**SMITH & DIETRICH LAW OFFICES, PLLC**
Email: walter@smithdietrich.com
1226 State Avenue N.E., Suite 205
Olympia, WA 98501
Telephone: (360) 915-6952

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Samuel J. Strauss
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiff*
* Applications for admission *pro hac vice* forthcoming

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 04 2025 3:13 PM

PIERCE COUNTY CLERK
NO: 25-2-10516-0

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHEEX, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**EXHIBIT A** |

| **Date** | **Subject Line** |
|---|---|
| 5/29/23 | Final Hours for BIG Sitewide Savings |
| 5/30/23 | Memorial Day Sale EXTENDED! 25% Off Everything! |
| 7/4/23 | These Savings are Booming! FINAL DAY to Save 25% Sitewide |
| 7/5/23 | LAST CALL for 4th of July Savings! Save 25% on Cooling Sheets for Summer |
| 11/22/23 | Early Access Black Friday Deals End Today! |
| 11/23/23 | Black Friday Savings are LIVE! |
| 11/24/23 | Last Call for HUGE Black Friday Savings! |
| 11/25/23 | No, Really – Last Chance to Shop Black Friday Savings! |
| 5/27/24 | Final Hours to BIG Sitewide Savings!<br>Stock up for Summer |
| 5/28/24 | Surprise We've Extended These Savings!<br>Another Chance to Save 25% Sitewide |



Firm Name
Mailing Address
Telephone Number
Email Address

| | |
|---|---|
| 7/4/24 | Final Hours: Take and Extra 10% Off Our 4th of July Sale! Up to 40% Off Sitewide + an EXTRA 10% |
| 7/5/24 | 4th of July Savings Extended! For a Limited Time Only |
| 11/23/24 | FINAL DAY: Pre-Black Friday Mystery Deal! |
| 11/24/24 | Black Friday Starts Now at SHEEX! |

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 04 2025 3:13 PM

PIERCE COUNTY CLERK
NO: 25-2-10516-0

**SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY**
**CASE COVER SHEET / CIVIL CASE**

Case Title ANDREW DEVIVO VS. INC. SHEEX — Case Number 25-2-10516-0
Atty/Litigant Walter Smith — Bar# 46695 — Phone (360) 915-6952
Address 1226 State Avenue N.E.
City OLYMPIA — State WA — Zip Code 98506
Email Address ______

Please check one category that best describes this case for indexing purposes.
***If you cannot determine the appropriate category, Please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.***

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___Breach of Contract, Commercial Non-Contract or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement, Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
___Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
___Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___Compel/Confirm Bind Arbitration, Deposit of Surplus Funds, Interpleader, Subpoenas, Victims' Employment Leave, or Wireless Number Disclosure, Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
___Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**______