**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SHEEX, INC.,<br><br>     Defendant. | Case No. 3:25-CV-05807-DGE<br><br><br>**REPLY IN SUPPORT OF DEFENDANT SHEEX, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-05807-DGE

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................1

II.     ARGUMENT .....................................................................................................................2

        A.      The Subject Emails Were Not Deceptive ..............................................................2

        B.      CAN-SPAM Preempts Plaintiff's CEMA Claim....................................................3

                1.      Plaintiff misstates the law, which requires him to plead a claim based on traditional tort theories to avoid preemption..........................................................3

                2.      Plaintiff fails to plead materiality—an undisputed requirement............................5

                3.      Plaintiff does not plead reliance, damages, or scienter, and thus his CEMA claim does not sound in traditional tort theories......................................................7

        C.      Plaintiff's Allegations Flunk Both Rule 8's and Rule 9(b)'s Standards.............................8

        D.      Plaintiff's CPA Claim Fails Because It Depends on His Failed CEMA Claim ................11

        E.      Plaintiff Has Not Alleged Future Injury, and Therefore His Injunctive Relief Claims Fail ...................................................................................................................11

III.    CONCLUSION.................................................................................................................11

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS
Case No. 2:25-CV-05807-DGE

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asis Internet Services v. Subscriberbase Inc.*,
  2010 WL 1267763 (N.D. Cal. Apr. 1, 2010) ......................................................................... 5, 8

*Beyond Sys., Inc. v. Kraft Foods, Inc.*,
  777 F.3d 712 (4th Cir. 2015) ................................................................................................. 5

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................................... 9

*Brummett v. Washington's Lottery.*
  171 Wash. App. 664 (2012) ................................................................................................... 6

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
  761 F.3d 732 (7th Cir. 2014) ................................................................................................. 9

*Carvalho v. HP, Inc.*,
  No. 21-CV-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ............................. 10

*DiCicco v. PVH Corp.*,
  2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020) ........................................................................ 9

*Easton v. Chaffee*,
  8 Wash. 2d 509, 113 P.2d 31 (1941) ..................................................................................... 4

*Ferguson v. Quinstreet, Inc.*,
  2008 WL 3166307 (W.D. Wash. Aug. 5, 2008), *aff'd sub nom. Ferguson v. Active
  Response Grp.*, 348 F. App'x 255 (9th Cir. 2009) ................................................................. 3

*Fisher v. Eddie Bauer LLC*,
  2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) ...................................................................... 10

*GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ................................................................................................. 9

*Gordon v. Virtumundo, Inc.*,
  575 F.3d 1040 (9th Cir. 2009) ........................................................................................ *passim*

*Handy v. LogMeIn, Inc.*,
  No. 1:14-CV-01355JLT, 2015 WL 4508669 (E.D. Cal. July 24, 2015) ............................... 2

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
iii
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

*Harrington v. Vineyard Vines, LLC*,
  No. C25-1115 TSZ, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026).....................................4

*Kleffman v. Vonage Holdings Corp.*,
  2007 WL 1518650 (C.D. Cal. May 23, 2007) ................................................................ 1, 4, 8

*Kouisis v. United States*,
  145 S. Ct. 1382 (2025)..............................................................................................................6

*Lisner v. SPARC Grp. LLC*,
  2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ......................................................................10

*Ma v. Nike, Inc.*,
  No. C25-1235JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026)........................................4

*Millam v. Energizer Brands, LLC*,
  No. 23-55192, 2024 WL 2988210 (9th Cir. June 14, 2024).....................................................2

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
  469 F.3d 348 (4th Cir. 2006) .......................................................................................... 1, 3, 5, 8

*Purcelley v. Ekster Inc.*,
  No. 2:23-CV-07908-WLH-JC, 2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) .......................10

*Rael v. Dooney & Bourke, Inc.*,
  2016 WL 3952219 (S.D. Cal. July 22, 2016) ........................................................................10

*Rael v. New York & Co., Inc.*,
  2016 WL 7655247 (S.D. Cal. Dec. 28, 2016).......................................................................10

*Schertzer v. Samsonite Co. Stores, LLC*,
  2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) .......................................................................10

*Seegert v. Luxottica Retail N. Am., Inc.*,
  2018 WL 3472561 (S.D. Cal. July 19, 2018) ........................................................................10

*Silvas v. E\*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008) ..................................................................................................3

*Smith v. Anastasia Inc.*,
  2014 WL 12577598 (S.D. Cal. Sept. 15, 2014)......................................................................5

*Sperling v. DSWC, Inc.*,
  699 Fed. Appx. 654 (9th Cir. 2017).........................................................................................9

*Tempest v. Safeway, Inc.*,
  No. 24-CV-06553-JSC, 2025 WL 3171581 (N.D. Cal. Nov. 13, 2025)................................10

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
iv
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ................................................................................................9

**Statutes**

15 U.S.C. § 7701(a)(8).........................................................................................................5, 8

15 U.S.C. § 7707(b)(1) .............................................................................................................3

RCW 19.190.020(1)(b) .............................................................................................................3

Wash. Prac., Tort Law ..............................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8 ...............................................................................................................1, 9, 10

Fed. R. Civ. P. 9(b) ............................................................................................................1, 8, 9

S. REP. NO. 108-102 (2003) .................................................................................................4, 8

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
v
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

## I.    INTRODUCTION

To avoid CAN-SPAM preemption, Plaintiff is required to allege facts consistent with a claim "in the vein of tort." *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354 (4th Cir. 2006). He has not, so his CEMA claim is preempted and fails.

A CEMA claim survives CAN-SPAM preemption only if it pleads conduct that is "traditionally tortious or wrongful," conduct. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061–63 (9th Cir. 2009). That limitation reflects Congress's central purpose in enacting CAN-SPAM: ensuring a uniform, nationwide standard governing commercial email. Congress blocked the states from extending "traditional fraud prohibitions to the realm of commercial emails because it was confident that legitimate businesses would not unwittingly transgress such well-established prohibitions." *Kleffman v. Vonage Holdings Corp.*, 2007 WL 1518650, at *3 (C.D. Cal. May 23, 2007).

Although *Virtumundo* requires a claim sounding in tort to avoid preemption, Plaintiff expressly denies that he must plead essential tort elements such as scienter, reliance, or injury.  He cannot.  His attempt to recover hundreds of millions of dollars for email subject lines he never claims to have seen is untethered to any traditional tort.  Even if some hypothetical CEMA claim could survive preemption under *Virtumundo*, the claims Plaintiff *actually* pled cannot.

Plaintiff likewise falls short on materiality—a requirement both sides agree is essential to avoid preemption. He does not allege that any challenged subject line mattered to him personally, that he relied on it, or that it affected any purchasing decision. Nor does he plausibly plead materiality from the perspective of a reasonable consumer.

Plaintiff's claims independently fail under Rules 8 and 9(b). Plaintiff attempts to avoid Rule 9(b) by disclaiming fraud yet repeatedly labels SHEEX's conduct as "deceptive" and invokes CAN-SPAM's savings clause for traditionally tortious conduct such as fraud or deceit.  He cannot have it both ways.  If his claims sound in fraud, Rule 9(b) applies—and he does not satisfy it.  If they do not, the claims fall outside CAN-SPAM's savings clause and are preempted.  And because Plaintiff's CPA claim is expressly derivative of his CEMA claim, it necessarily fails as well. Finally, Plaintiff has not pled any threat of future injury and therefore injunctive relief is inappropriate.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 1

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

## II.    ARGUMENT

### A.    The Subject Emails Were Not Deceptive

Plaintiff asks this Court to ignore reality. SHEEX's subject lines were not deceptive but rather reflected the true time-limited nature of certain promotions.

**The May 29, 2023 Email ("Final Hours for BIG Sitewide Savings"):** Plaintiff claims the subject line is deceptive because one of the five promotions in this email continued longer. However, he does not dispute that the four other promotions—15% stackable bonus, free insulated tote, 40% off pillows, and free shipping—continued. (Opp. at 3.) The 15% bonus applied sitewide and both the free tote and free shipping applied to any order over $75. Plaintiff does not dispute that these benefits applied to purchases sitewide, or that they did end at the stated time.

**The November 22, 2023 Email ("Early Access Black Friday Deals End Today!"):** Plaintiff argues that because the Black Friday promotions offered after the "early access" deals ended "were at least as favorable, if not more favorable," it was deceptive for SHEEX to inform customers that the early access doorbusters were ending. (Opp. at 4.) There are two problems with this logic. First, Plaintiff has not pled that the later deals were better. And second, even if the later deals were "more favorable," then they were inherently *different* than the deals that ended on November 22. Plaintiff also ignores the terms "Early Access" and "Doorbusters," which connote the beginning of a longer sale. "[W]here, as here, deception can be found only through ignoring the plain meaning of the words," an advertisement "could not possibly" have deceived a reasonable consumer. *Handy v. LogMeIn, Inc.*, No. 1:14-CV-01355JLT, 2015 WL 4508669, at *8 (E.D. Cal. July 24, 2015); *see also Millam v. Energizer Brands, LLC*, No. 23-55192, 2024 WL 2988210, at *2 (9th Cir. June 14, 2024) ("a reasonable consumer would not" "ignore [relevant] qualifiers").

**The November 24, 2023 Email ("Last Call for HUGE Black Friday Savings!):** Plaintiff claims that this subject line promised that the sale would end later the same day. It does not. *Millam v. Energizer Brands, LLC*, No. 23-55192, 2024 WL 2988210, at *1 (9th Cir. June 14, 2024) (rejecting plaintiff's efforts to read "up to" qualifier out of a promotion about battery life). There is nothing deceptive about using the

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 2

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

term "last call" the day before the Black Friday promotion ended or sending two emails about the end of a big sale.

### B.    CAN-SPAM Preempts Plaintiff's CEMA Claim

#### 1.    Plaintiff misstates the law, which requires him to plead a claim based on traditional tort theories to avoid preemption

Rather than responding to SHEEX's arguments, Plaintiff relies on a number of red herrings and strawmen arguments.

First, Plaintiff argues that CEMA is not preempted on its face because its language is similar to the preemption carve-out in CAN-SPAM. 15 U.S.C. § 7707(b)(1) (savings clause for "falsity or deception"); RCW 19.190.020(1)(b) prohibiting "false or misleading information in a subject line"). The problem with this argument is that SHEEX has never argued that CEMA is preempted on its face. Instead, it argues that Plaintiff's no-injury, strict-liability claims, as pled, are preempted. For this kind of as-applied challenge, the Court must examine Plaintiff's specific claims, not merely the elements of the statute. *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (holding a state law claim is preempted "as-applied" if the specific claim pled is preempted, even if, in other circumstances, the statute might be valid); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at \*9 (W.D. Wash. Aug. 5, 2008), *aff'd sub nom. Ferguson v. Active Response Grp.*, 348 F. App'x 255 (9th Cir. 2009) (rejecting reliance on CEMA's text in the abstract and dismissing the claim after examining the pleaded facts, which alleged at most "bare error" rather than the "falsity or deception").

*Virtumundo* is instructive. 575 F.3d 1040. Instead of considering the face of the challenged section of CEMA, the court examined the statute as applied to the plaintiff's specific allegations—emphasizing that the plaintiff "admit[ted] he was not in any way misled or deceived," and attempted to base his claim on technical deficiencies in email header information. *Virtumundo*, 575 F.3d at 1063. The court held that "[n]othing contained in this claim rises to the level of 'falsity or deception' within the meaning of the CAN-SPAM Act's preemption clause." *Id*. at 1064; *see also Omega*, 469 F.3d at 354–57 (conducting a claim-specific preemption analysis and rejecting liability based on the plaintiff's pleaded theory of immaterial errors, which did not amount to tort-like deception under CAN-SPAM). *Nike* and *Vineyard*

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 3

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

*Vines* are readily distinguishable as neither involved as-applied challenges. *Harrington v. Vineyard Vines, LLC*, No. C25-1115 TSZ, 2026 WL 125134, *1 (W.D. Wash. Jan. 16, 2026); *Ma v. Nike, Inc.*, No. C25-1235JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026). But SHEEX's Motion made clear that this Court "need not decide" whether all CEMA claims are facially preempted "because Plaintiff does not even attempt to plead a theory of liability based on the elements of traditional torts." (Mot. at 10.) SHEEX argues that CEMA is preempted as applied here.

Plaintiff next argues that his claim is not preempted because he is not required to plead every element of common law fraud to avoid preemption. (Opp. at 5.) SHEEX's argument does not turn on whether the savings clause is coextensive with common-law fraud in the narrowest sense. It rests on *Virtumundo*'s controlling holding that CAN-SPAM preserves only state-law claims grounded in traditional tort theories, and not strict-liability claims. *Virtumundo, Inc.*, 575 F.3d at 1061–63 (9th Cir. 2009). Reading the terms "falsity" and "deception" together, the court explained, "connotes a type of tort action based on misrepresentations." *Id*. at 1062. Here, it does not matter whether *every* element of fraud is required to avoid preemption, because Plaintiff's claim is not even vaguely reminiscent of a fraud claim. There is nothing "traditionally tortious" or "traditionally wrongful" about making an allegedly deceptive statement that nobody, including Plaintiff, claims to have ever noticed, much less relied on. [1]

The legislative history of CAN-SPAM supports reading CAN-SPAM as being focused on traditional, tortious conduct. The Senate Report that Plaintiff quotes explains that the law preserves state statutes prohibiting *fraud and deception* because legitimate businesses trying to follow the law would not engage in that conduct anyway. (Opp. at 6); S. REP. NO. 108-102, at 22. Further, Congress found that spammers "*purposefully*" include misleading information in subject lines—further reflecting Congress's focus on intentional misconduct. 15 U.S.C. § 7701(a)(8) (emphasis added). CAN-SPAM's core policy

---

[1] Courts have recognized that actions for "deceit" and "fraud" are grounded in the same core tort principles and require the same foundational elements. *See Easton v. Chaffee*, 8 Wash. 2d 509, 113 P.2d 31 (1941) ("[B]asic elements for an action grounded in fraud . . . may form the basis of an action for deceit."); *Kleffman*, 2007 WL 1518650, at *3 ("Though Congress did not define the terms 'falsity' or 'deception,' it is clear that it meant these terms to refer to traditional, tort-type concepts"); 16A Wash. Prac., Tort Law And Practice § 19:2 (5th ed.) ("The terms 'fraud' and 'deceit' are often used interchangeably.").

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 4

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

goal is a uniform national standard. Allowing Washington to impose strict liability for harmless errors in subject lines, makes its law the *de facto* national standard. Congress enacted CAN-SPAM precisely to prevent this result, concluding that a consistent, less-demanding standard better serves the public interest. *Omega*, 469 F.3d at 356.

Plaintiff also misses the mark by citing cases involving California's anti-spam law, which is "quite distinct" from CEMA. *Asis Internet Services v. Subscriberbase Inc.*, 2010 WL 1267763, at *11 (N.D. Cal. Apr. 1, 2010); *see also Smith v. Anastasia Inc.*, 2014 WL 12577598 at *3 (S.D. Cal. Sept. 15, 2014) (declining to apply *Virtumundo* on the ground that it "did not address Section 17529.5," but instead analyzed CAN-SPAM's preemption of a Washington state statute). Many of these decisions were decided before or otherwise contradict *Virtumundo. Virtumundo*, 575 F.3d at 1061–63 (holding Congress created a "*limited, narrow* exception" for claims involving "traditional tort theories" like fraud or deceit) (emphasis added). In any event, even these cases recognize that scienter and materiality are essential to avoid preemption, permitting claims to proceed only where plaintiffs can establish "knowing and material misrepresentations." *Asis Internet Servs.*, 2010 WL 1267763, at *13. Plaintiff here does not plead either element. Finally, Plaintiff ignores that courts interpreting more similar laws confirm that CAN-SPAM saves only "complete regime[s] of tort liability." *See Omega*, 469 F.3d at 354(requiring claims under Oklahoma's anti-spam law "sound in tort" to avoid preemption); *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 717 (4th Cir. 2015) (requiring claims under Maryland's anti-spam statute be "in the vein of tort" to avoid preemption).

### 2. Plaintiff fails to plead materiality—an undisputed requirement

Plaintiff acknowledges that at a minimum his CEMA claim must allege a material misrepresentation to survive preemption. (Opp. 11–15.) Yet, he fails to plead that the challenged subject lines were material to him, much less to any reasonable consumer. That is insufficient.

Plaintiff's Opposition sidesteps a core flaw in his pleading. As SHEEX explained in its Motion, Plaintiff was required to allege facts showing that the challenged subject lines had an effect on *his* behavior—not merely that such subject lines could have influenced hypothetical consumers. (Mot. at 12–13.) Plaintiff's own authority supports this position: the Supreme Court in *Kouisis v. United States* stated

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
5
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

"[w]hether in tort or contract law, 'materiality look[s] to the effect on the likely or actual behavior of the *recipient* of the alleged misrepresentation.'" 145 S. Ct. 1382, 1396 (2025) (emphasis added)). Plaintiff does not even allege that he read the subject lines, let alone that the subject lines influenced his purchasing decisions.

Plaintiff also fails to plead that the challenged subject lines would be material to a reasonable consumer. He attempts to anchor materiality in the notion that "price" is inherently a material fact. But the challenged subject lines do not misrepresent price at all and Plaintiff does not allege that SHEEX misrepresented a product's price or value. At most, the subject lines may have shifted the timing of a purchase by a day or two. But a change in timing, without any change in price, product, or value, does not impact "the very essence of the bargain"—the high bar required to prove materiality. *Health Servs., Inc.*, 579 U.S. at 193 n.5.

This is exactly what the court held in *Brummett v. Washington's Lottery.* 171 Wash. App. 664, 676 (2012). There, the court found that advertisements suggesting that raffle tickets were "going fast" were not a material, because although the plaintiff claimed they "affected [his] purchase timing," "he did not attempt to show that these advertisements made any claims about either the scheduled raffle prizes or the 'early bird' prizes or that these advertisements misled him about the total number of prizes, the odds of winning, or the amount of money at stake." *Id.* Plaintiff's attempt to distinguish *Brummett* as involving nonspecific language misses the point: the decision turned not on the specificity of the statements, but on the nature of the alleged misrepresentation. The Court's-holding was clear and directly applicable here: "representations about the speed of sale, even if false, were not material" because they do not go to the essence of the transaction. *Id.* Plaintiff's focus on semantics ("going fast" versus "ends in hours") does not change that analysis, because timing representations remain collateral to the transaction regardless of phrasing. Nor do Plaintiff's other authorities help him. *Stephens* involved debt-collection letters falsely suggesting escalating legal consequences—an entirely different context where the misrepresentation concerned worsening rights, not retail promotions delivered exactly as advertised. And *Brown v. Old Navy* answered a narrow, certified question that had nothing to do with materiality or preemption.

Plaintiff also argues that "common sense" establishes materiality because SHEEX's sends many

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 6

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

emails with allegedly urgent subject lines and therefore would not "expend all this time and effort" on that strategy unless it were effective. (Opp. at 12–13.) That reasoning rests on an unsupported assumption that the emails in fact "worked." *Id.* The fact that SHEEX invests in email marketing does not establish that those subject lines are materially false or deceptive. If that were enough, the mere act of sending a marketing email would establish materiality and collapse the materiality requirement altogether.

Plaintiff tries to avoid materiality altogether by arguing that it is not his burden to "plead around" an affirmative defense. But CAN-SPAM preemption is not an affirmative defense, it is a threshold defect in Plaintiff's theory of liability. Under CAN-SPAM, state-law email claims are preempted unless they fall within the statute's narrow "falsity or deception" exception. As the Ninth Circuit has made clear, materially false or deceptive content is therefore a prerequisite to liability and an element Plaintiff must plausibly allege. *Virtumundo*, 575 F.3d at 1061–62. It is not SHEEX's burden to disprove materiality or negate hypothetical facts not pleaded. The Court looks only to whether the Complaint plausibly alleges conduct within CAN-SPAM's savings clause. Where, as here, Plaintiff does not plausibly allege materiality within CAN-SPAM's narrow savings clause, dismissal is proper at the pleading stage.

Plaintiff's hail Mary—that discovery is needed to show SHEEX sent its subject lines "to impact consumer behavior" (Opp. at 15)—conflates intent with materiality. Materiality depends on whether the challenged statements themselves affected, or were likely to affect, consumer decision-making—not on what the sender hoped to accomplish. Discovery into SHEEX's marketing motivations cannot cure Plaintiff's failure to allege that the subject lines affected any of his purchasing decisions in a material way.

**3.    Plaintiff does not plead reliance, damages, or scienter, and thus his CEMA claim does not sound in traditional tort theories.**

As noted above, SHEEX's Motion showed that Plaintiff's strict-liability CEMA claim is not even vaguely in the vein of any traditional tort. Plaintiff's Opposition confirms as much. In fact, Plaintiff expressly maintains that his claims do not sound in fraud. (Opp. at 15 (arguing Rule 9(b) does not apply).) Consistent with that position, the Opposition still does not allege that Plaintiff noticed, relied on, or acted upon any challenged email subject line, much less that he suffered any injury as a result.

Authorities confirm the importance of reliance and damages—two fraud elements that Plaintiff

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 7

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

cannot satisfy—to the preemption analysis. In *Omega*, the Fourth Circuit concluded that CAN-SPAM preempted claims based on Oklahoma's CEMA analogue because, like CEMA, it "reach[ed] beyond common law fraud or deceit," which require reliance and injury. 469 F.3d at 353. The court emphasized that unlike a fraud action, the Oklahoma statute was "not limited to inaccuracies" that would have "led to *detrimental reliance*" by the recipient. *Id.* (emphasis added). In *Virtumundo* the court stressed that plaintiff "was not in any way misled or deceived," *i.e.*, there was no detrimental reliance. 575 F.3d at 1063. In *Kleffman*, the district court held that plaintiff's claims were "clearly preempted" because the complaint "does not allege a traditional tort theory at all, *or even that he was at any point mislead by any of the eleven Vonage emails*." 2007 WL 1518650, at *3 (emphasis added). The Ninth Circuit itself relied on *Kleffman*'s preemption analysis. *Virtumundo*, 575 F.3d at 1063–64.

Plaintiff's CEMA claim also fails because it does not allege scienter. *Omega*, 469 F.3d at 353–54 (fraud or deceit tort requires sender "knew" statements were false); *Virtumundo*, 575 F.3d at 1059, 1061–63 ("traditionally tortious or wrongful conduct" is needed). Even cases that Plaintiff cites recognize this requirement. For example, in *Asis Internet Services v. Member Source Media, LLC*, the court stressed the importance of defendant's "intentional deception" to its holding that plaintiff's claim arose from a traditional tort theory that was not preempted. 2010 WL 1610066, at *5 (N.D. Cal. Apr. 20, 2010). Similarly, in *Subscriberbase*, the court highlighted that "material, intentional misrepresentation[s]," "intentional deception," and "knowing" misrepresentations were needed to avoid preemption. 2010 WL 1267763, at *11–13. This requirement accords with Congress's focus on persons "seek[ing] to defraud consumers," S. REP. NO. 108-102, at 2 (2003), by "purposefully" sending misleading information. 15 U.S.C. § 7701(a)(8). The Complaint never even suggests that SHEEX knew that any subject lines were false or intended to deceive consumers.

C.      **Plaintiff's Allegations Flunk Both Rule 8's and Rule 9(b)'s Standards.**

There is no way for Plaintiff to avoid both preemption and Rule 9(b)'s heightened pleading standard. CAN-SPAM's savings clause requires them to allege a "traditional tort theor[y]" by alleging, for example, that her "claims aris[e] from fraud or deception." *Virtumundo*, 575 F.3d at 1063. Claims that are "grounded in fraud" or "sound in fraud," in turn, are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp.*

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
8
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

*USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). This is true regardless of whether the plaintiff actually pleads a fraud cause of action. *Id.* Here, Plaintiff repeatedly claims that SHEEX orchestrated a scheme involving "deceptive" subject lines. (*See e.g.*, Opp. at 1, 2, 15.) To the extent the Court holds that Plaintiff's claims are not preempted, Rule 9(b) applies. Plaintiff cannot satisfy this heightened standard, as even he admits that he "does not allege fraud or its circumstances." (*Id.* at 15.)

Plaintiff's attempt to reduce Rule 9(b) to a checklist of "who, what, when, where, and how" misses the mark. The defect is not a lack of dates or defendants; it is the absence of particularized facts supporting his theory of deception. Rule 9(b) "prohibit[s] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). It is insufficient to merely point to a statement and claim that it is false. *GlenFed, Inc. Sec. Litig*., 42 F.3d 1541, 1549-53 (9th Cir. 1994).

Plaintiff here pleads no such facts. Instead, he relies on the fact that the challenged subject lines (discussing promotions) were followed by other promotions. But "the fact [of] frequent sales of various items does not support an inference that those sales were fraudulent or deceptive." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014)); *see also DiCicco v. PVH Corp*., 2020 WL 5237250, at *4 (S.D.N.Y. Sept. 2, 2020) ( "Contrary to [Plaintiff's] assertion, the price tags, sales receipt, and the banners hung on the store's front on October 24, 2020 only show that those items were on sale that day, not that they were always on sale").

Countless courts have dismissed false advertising sales alleging that retailers deceived consumers by perpetually offering items on sale, absent facts to support their theories. *See, e.g.*, *Sperling v. DSWC, Inc.*, 699 Fed. Appx. 654, 655 (9th Cir. 2017) ("Price tags suggesting that consumers compare the product's price to the manufacturer's suggested retail price are not inherently false or deceptive."); *Lisner v. SPARC Grp. LLC*, 2021 WL 6284158, at *5–7 (C.D. Cal. Dec. 29, 2021); *Seegert v. Luxottica Retail N. Am., Inc.*, 2018 WL 3472561 at *3–4 (S.D. Cal. July 19, 2018) ("Simply alleging that … [a given product was] never sold at list or regular price falls short of Plaintiff's pleading burden."); *Rael v. Dooney & Bourke, Inc.*, 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (dismissing claim based on "extensive investigation of sales and discount pricing advertisements," because plaintiff did not allege key facts

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 9

Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

concerning the investigation); *Rael v. New York & Co., Inc.*, 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016) (same); *Schertzer v. Samsonite Co. Stores, LLC*, 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020) (same); *Fisher v. Eddie Bauer LLC*, 2019 WL 9467922, at *5 (S.D. Cal. Oct. 18, 2019) (investigation into select products did not suggest "a fraudulent pricing scheme involving almost all of the merchandise...").

Even if the Court were to apply the more lenient Rule 8 standard, because the challenged subject lines would not mislead a reasonable consumer. Courts routinely grant motions to dismiss where, as here, the plaintiff's proposed interpretation of a challenged statement is unreasonable.  Thus, in *Seegert v. Luxottica Retail N. Am., Inc.*, No. 17CV1372 JM(BLM), 2018 WL 1214888, at *2 (S.D. Cal. Feb. 23, 2018), the court held that the plaintiff's proposed interpretation of a "40% off lensed with the purchase of frames" sale would not survive "even a dim-witted consumer standard."  In *Purcelley v. Ekster Inc.*, the Court rejected the plaintiff's proposed interpretation of a higher reference price as the retailer's own former price, as opposed to a market price.  No. 2:23-CV-07908-WLH-JC, 2024 WL 2107710, at *4 (C.D. Cal. Apr. 4, 2024) ("[I]t is only *possible* that the Reference Price is misleading if Defendant never offered the good at that price. The other possibility, of course, is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods."); *see also Carvalho v. HP, Inc.*, No. 21-CV-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (same).  And in *Tempest v. Safeway, Inc.*, No. 24-CV-06553-JSC, 2025 WL 3171581, at *6 (N.D. Cal. Nov. 13, 2025), the court dismissed the plaintiff's claim to interpret the retailer's "Member Price" discounts as a temporary sale as opposed to a comparison to what non-members would pay.

Here, too, Plaintiff simply reads too much into the challenged subject lines.  There is nothing deceptive about advertising "Final Hours for BIG Sitewide Savings"—especially in a subject line with very limited real estate—where four of the five promotions in the email are ending in a few hours. Similarly, a subject line promoting "Early Access" to a sale necessarily suggests that the sale will be open to others, without early access, at a later date. Nor is it deceptive for a retailer to hype the end of its Black Friday sale, the biggest promotion of the year for most retailers, over the span of two emails. In short: these subject lines are not deceptive.

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
10
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858

**D.        Plaintiff's CPA Claim Fails Because It Depends on His Failed CEMA Claim**

Plaintiff agrees his CPA claim is based on SHEEX's alleged CEMA violations. (Opp. at 16.) It therefore falls with his CEMA claim. *See Virtumundo*, 575 F.3d at 1065.

**E.        Plaintiff Has Not Alleged Future Injury, and Therefore His Injunctive Relief Claims Fail**

Plaintiff does not contest that he "has not alleged any future threat of injury but merely asserted that class members are 'entitled to an injunction.'" (Mot. at 16 (citing Compl. at ¶ 95); Opp. at 17.) Plaintiff has not alleged that he has received any emails from SHEEX past November 25, 2023. (Compl. at ¶ 66.) He has not—and cannot—allege that he is still on SHEEX's distribution list and receiving further emails. In any event, this case concerns three emails that have already been sent, and Plaintiff does not allege any risk of future injury from them. Thus, he has not met his pleading burden for injunctive relief.

**III.    CONCLUSION**

For the foregoing reasons, Defendant respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, as any amendment would be futile.

Dated: February 6, 2026                Respectfully submitted,

                                        */s/ Meegan B. Brooks*

                                        Meegan B. Brooks, WSBA No. 62516
                                        BENESCH, FRIEDLANDER, COPLAN &
                                        ARONOFF LLP
                                        100 Pine Street, Suite 3100
                                        San Francisco, CA 94111
                                        Telephone: 628.600.2232
                                        Email:  mbrooks@beneschlaw.com

                                        *Attorney for Defendant SHEEX, Inc..*

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS -
11
Case No. 2:25-CV-02006-JHC

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5858