UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW DEVIVO, | CASE NO. 3:25-cv-05807-DGE |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SHEEX INC., | |
| Defendant. | |

This matter comes before the Court sua sponte on its review of the record.  For the reasons discussed below, the Court orders the Parties to show cause why this case should not be remanded to Pierce County Superior Court for lack of subject matter jurisdiction.

**I      FACTUAL AND PROCEDURAL BACKGROUND**

This case is a proposed class action against Defendant Sheex, Inc. ("Sheex") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA").  Plaintiff initiated this lawsuit on August 4, 2025, in Pierce County Superior Court. (Dkt. No. 1-1 at 6.)  On September 10, Sheex filed a

ORDER TO SHOW CAUSE - 1

notice of removal, removing Plaintiff's complaint to federal court.[1]  (Dkt. No. 1.)  Sheex asserts both diversity and Class Action Fairness Act ("CAFA") jurisdiction.  (*Id.*)

In his complaint, Plaintiff alleges Sheex "bombards Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets."  (Dkt. No. 1-1 at 7.)  As an example, Plaintiff points to the "False Limited Time Message," where marketers create pressure to buy immediately "by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached."  (*Id.* at 10.)  Plaintiff also cites to "Urgent Spam Emails," where Sheex "lur[es] in consumers through an urgent subject heading that does not reflect the true availability of the deal itself[.]"  (*Id.* at 11.)  Plaintiff cites to various examples of marketing emails sent by Sheex which advertise deals available for a limited time, only for Sheex to extend the deal for another day or sometimes several days.  (*Id.* at 11–13.)

Plaintiff requests this Court to certify the proposed class, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel.  (*Id.* at 19.)  Plaintiff seeks a judgment in his favor and the class's favor permanently enjoining Sheex from the unlawful conduct alleged and awarding actual or liquidated damages, "trebled, according to proof[.]"  (*Id.*)  Plaintiff also asks the Court to award costs of the suit, including reasonable attorney fees.  (*Id.*)

## II    DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues

---

[1] Removal was timely pursuant to 28 U.S.C. § 1447(b) because it was filed within 30 days of service.  (*See* Dkt. Nos. 1 at 2, 7; 1-1 at 5.)

ORDER TO SHOW CAUSE - 2

such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal citation omitted).  Standing is a threshold inquiry in every federal case, and it involves an inquiry into whether "a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [their] invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citations and quotation marks omitted).  To establish standing, Plaintiff must show it suffered an injury in fact that is concrete, particularized, and actual or imminent; fairly traceable to the challenged conduct of the defendant; and likely redressable by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338).  "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified).  As the party invoking federal jurisdiction, Sheex bears the burden of establishing the existence of a case or controversy under Article III.

Here, Plaintiff seeks statutory damages pursuant to CEMA, as well as treble damages under both CEMA and the CPA.  (Dkt. No. 1-1 at 19.)  Plaintiff also seeks injunctive relief seeking Sheex's compliance with CEMA.  (*Id.*)  The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38,

ORDER TO SHOW CAUSE - 3

45 (Wash. 2025) (en banc). However, the legislature's creation of a statutory prohibition or obligation and a cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). The Court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *Id.* at 426–427. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427. The Ninth Circuit has interpreted *TransUnion* to "require[] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Despite alleging in its notice of removal that this Court has jurisdiction over this case, Sheex argues in its pending motion to dismiss that Plaintiff "does not claim to have read, much less relied on, any of the challenged [email] subject lines." (Dkt. No. 20 at 19.) Further, Sheex argues Plaintiff does not allege that he made decisions "to his detriment based on the allegedly inflated discounts or promotional period advertised. . . . [H]e does not even allege that he ever noticed or opened any of the allegedly violative emails." (*Id.* at 20.) Sheex asserts that Plaintiff's CEMA claim does not "plausibly allege that Defendant engaged in traditional fraud or deceit," because Plaintiff failed to plead that he (1) "relied on any of the allegedly misleading email subject lines," (2) "suffered any actual harm, that the email subject lines," (3) "suffered any actual harm," (4) "that the email subject lines were materially false or misleading," or (5) that Sheex "knew the subject lines were false or misleading." (*Id.*) In short, Sheex argues Plaintiff failed to allege "Defendant engaged in traditionally tortious conduct." (*Id.* at 21.)

ORDER TO SHOW CAUSE - 4

Further, Sheex asserts the Court has jurisdiction pursuant to CAFA, which provides federal district courts with original jurisdiction to hear a class action if (1) the class has more than 100 members, (2) the parties are minimally diverse, and (3) the matter in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In this case, Sheex calculated the amount in controversy by (1) $1,500 (treble CEMA's statutory damage amount of $500 per violation), (2) the estimated number of class members ("2,000 Washington customers") and (3) the number of emails received (at least two). (Dkt. No. 1 at 6.) By multiplying these figures, Sheex arrived at a figure of $6,000,000, excluding attorney fees, which Sheex identifies as a "benchmark rate of twenty-five percent of the potential damages[.]" (*Id.*)

In reviewing the language of the statute, the Court questions whether CEMA contemplates statutory damages of $500 *per recipient*, as opposed to $500 per e-mail. CEMA provides that "[d]amages to the recipient of a commercial electronic mail message . . . sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." Wash. Rev. Code § 19.190.040(1). If CEMA's statutory damages are awarded per recipient, then the amount in controversy is far less, approximately $3,000,000, and a remand to state court for lack of subject matter jurisdiction would be required.

### III    ORDER

Accordingly, the Court ORDERS the Parties to show cause, no later than **April 2, 2026**, why this case should not be remanded to Pierce County Superior Court for lack of subject matter jurisdiction.

ORDER TO SHOW CAUSE - 5

Dated this 19th day of March 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 6