THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

v.

SHEEX, INC.,

Defendant.

Case No. 3:25-cv-5807-DGE

DEFENDANT'S MOTION TO STAY DISCOVERY

NOTE ON MOTION CALENDAR: APRIL 29, 2026

## I.    INTRODUCTION

Defendant Sheex, Inc. ("Sheex") respectfully moves to stay the commencement of discovery in this action, including Plaintiff's pending discovery requests served on January 26, 2026 and February 9, 2026, pending resolution of Sheex's Motion to Dismiss. Sheex filed its Motion to Dismiss on December 12, 2025, and the motion has been fully briefed but remains under submission. Dkt. 20.

Sheex's Motion to Dismiss seeks dismissal of the Complaint in its *entirety*, including on the ground that Plaintiff's claims are preempted by federal law. In light of this pending dispositive motion, requiring Sheex to respond to discovery at this stage would impose unnecessary burden and expense, particularly where the case may be resolved in full. Accordingly, Sheex respectfully requests that the Court stay all discovery until the Motion to Dismiss is decided.

Sheex's Motion to Stay is supported by the arguments and authorities below, as well as the Declaration of Meegan B. Brooks submitted herewith ("Brooks Decl.").

DEFENDANT'S MOTION TO STAY DISCOVERY – 1
Case No. 3:25-cv-5807-DGE

## II.    FACTUAL BACKGROUND

### A.    Procedural Status

Plaintiff filed the instant action on August 8, 2025 in Pierce County Superior Court. Dkt. 1. Sheex removed the action to this Court on September 10, 2025. *Id.* Sheex filed a Motion to Dismiss Plaintiff's Complaint on December 12, 2025 (Dkt. 20) arguing, *inter alia*, that Plaintiff's claim under Washington's Consumer Electronic Mail Act, RCW 19.190.020(1)(b) ("CEMA") is expressly preempted by the CAN-SPAM Act, 15 U.S.C. § 7707(b)(1). As explained in Sheex's Motion to Dismiss, for Plaintiff to avoid CAN-SPAM preemption, he would need to plead a fraud claim, and his Complaint fails to do so. *See* Dkt. 20. This deficiency is fatal to Plaintiff's entire Complaint.

On March 19, 2026, this Court issued an Order to Show Cause why this case should not be remanded to Pierce County Superior Court for lack of jurisdiction (Dkt. No. 28), and on April 2, 2026, the Parties filed responses notifying this Court their positions that this Court had subject matter jurisdiction and this case should not be remanded. Dkt. Nos. 29, 32-33; Brooks Decl. ¶ 4.

### B.    Plaintiff's Discovery Requests and the Parties' Associated Meet and Confer Efforts

On January 26, 2026, Plaintiff served 24 requests for production on Sheex, and on February 9, 2026, Plaintiff served 30 requests for admission, 13 special interrogatories, and a notice of 30(b)(6) deposition with 31 topics. Brooks Decl. ¶ 6.  Sheex's responses are currently due April 10, 2026. *Id.*

Plaintiff's discovery requests are broad and are irrelevant to Sheex's pending Motion to Dismiss. To give just a few examples, in Plaintiff's Special Interrogatories, he requests that Sheex: "[d]escribe the criteria used to determine who [Sheex] would send marketing emails to" (Special Interrogatory No. 9); and "[d]escribe the decision-making process that [Sheex] use[s] to determine what marketing emails [Sheex] send[s] and/or will send to consumers" (Special Interrogatory No. 2).

DEFENDANT'S MOTION TO STAY DISCOVERY – 2
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Similarly, in Plaintiff's requests for production, he requests "documents identifying or referencing members of the putative Class" (Request for Production No. 20). Plaintiff also requests broad categories of materials such as: "[a]ll documents and communications concerning the creation, drafting, testing, review, approval, modification, timing, or dissemination of marketing emails or subject lines" (RFP No. 3); "[a]ll marketing, promotional, or advertising emails sent or caused to be sent by [Sheex] during the Class Period, including all associated subject lines" (RFP No. 1); and "[a]ll drafts, versions, templates, and iterations of marketing emails and subject lines used during the Class Period" (RFP No. 2).

Plaintiff's Requests for Admission are equally broad and seek admissions such as: "[a]dmit that You were responsible for composing, supervising, or approving the content and subject headings of marketing emails sent to consumers" (Request for Admission No. 21); and "[a]dmit that You purchased, rented, or paid for lists of emails of consumers from third parties" (RFA No. 20).

Plaintiff's 30(b)(6) Notice contains thirty-one broad categories, including "[a]ny internal or external research, surveys, experimentation, consumer feedback, or analytics regarding the effectiveness of subject lines in driving opens and clicks" (Topic No. 24); and "[t]he process for planning, drafting, approving, and sending marketing emails, including how subject lines are proposed, reviewed, revised, approved, and finalized" (Topic No. 4).

Following Plaintiff's service of his discovery requests, Sheex's counsel requested that Plaintiff's counsel agree to a stay of all discovery, including these pending requests, until the Court decided its pending Motion to Dismiss. Brooks Decl. ¶ 7. Plaintiff's counsel declined to stipulate to a stay. *Id.* Nonetheless, Sheex's counsel made efforts to continue to work with Plaintiff's counsel, and advised that they would be willing to meet and confer with Plaintiff's counsel regarding the contents of a stipulated protective order and electronic stored information (ESI) protocol while Sheex's Motion to Dismiss is pending so that in the event it is denied, the parties can move swiftly to the discovery phrase once the pleadings are finalized. Brooks Decl. ¶ 8. The parties have since been negotiating the terms of a stipulated protective order and ESI protocol. *Id.*

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Because the parties are at an impasse as to whether a stay of discovery should be imposed while Sheex's Motion to Dismiss is pending, Sheex brings the instant Motion to Stay Discovery.

### III.    LEGAL STANDARDS

The Court has wide discretion to stay initial case deadlines, and the corresponding commencement of discovery, while a dispositive motion to dismiss is pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). A court may relieve a party of the burdens of discovery while a motion is pending pursuant to its inherent authority over discovery matters and also pursuant to the Federal Rules of Civil Procedure. *Id*.; Fed. R. Civ. P. 26(c) (a court may deny or limit discovery upon a showing of good cause). A stay is appropriate where it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### IV.    THE COURT SHOULD STAY DISCOVERY AND INITIAL CASE DEADLINES PENDING A DECISION ON DEFENDANT'S MOTION TO DISMISS

"A court applies a two-part test when deciding whether to grant a stay of discovery based on a pending dispositive motion. First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *In re Amazon Prime Video Lit.*, No. 24-cv-0186-BJR, 2025 WL 254546, at *1 (W.D. Wash. Jan. 21, 2025); *see also Wysocki v. ZoomInfo Tech. Inc.*, No. 22-cv-5453-DGE, 2023 WL 3160681, at *1 (W.D. Wash. Apr. 28, 2023); *Zeiger v. Hotel Cal. by the Sea LLC*, No. 21-cv-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022); *Ahern Rentals Inc. v. Mendenhall*, No. 20-cv-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020).

Here, both of these factors weigh in favor of a stay.

DEFENDANT'S MOTION TO STAY DISCOVERY – 4
Case No. 3:25-cv-5807-DGE

**A.    Sheex's Motion to Dismiss Seeks Dismissal of the Entire Action.**

"It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). This Court has routinely agreed. *See, e.g.*, *In re Amazon Prime Video Lit.*, 2025 WL 254546, at \*1; *United Fin. Cas. Co. v. Aman Expedite, LLC*, No. 23-cv-0587-BJR, 2024 WL 4625440, at \*2 (W.D. Wash. Oct. 30, 2024); *Taylor v. Amazon.com, Inc.*, No. 24-cv-0169-MJP, 2024 WL 3346220, at \*1 (W.D. Wash. July 9, 2024); *In re Amazon Serv. Fee Lit.*, No. 22-cv-0743-TL, 2022 WL 22877300, at \*1 (W.D. Wash. Dec. 23, 2022); *Nissen v. Lindquist*, No. 16-cv-5093-BHS, 2016 WL 2866303, at \*1 (W.D. Wash. May 17, 2016) (all quoting *Rutman Wine* and staying discovery pending resolution of dispositive motion).

Indeed, in one of the numerous[1] similar subject line cases filed by Plaintiffs' counsel, *Bajwa v. Nat'l Auto. Parts Assoc., LLC*, No. 2:25-cv-2280-RAJ (W.D. Wash.), ECF No. 1-1, Judge Jones, recognizing the dispositive nature of the defendant's motion to dismiss, issued an order *sua sponte* staying all initial case deadlines (and therefore subsequent discovery) until resolution of the defendant's motion to dismiss. *Id.*, Minute Order dated Nov. 24, 2025. Similarly, district courts in Washington have granted stays in at least two other similar CEMA cases. In *Brown v. Old Navy*, this Court granted the defendant's motion to stay in part, staying discovery generally but allowing the plaintiffs to pursue discovery only "to identify entities to 'ensure that they receive preservation notices.'" No. 23-cv-0781-JHC (W.D. Wash.), ECF No. 26. In *Shahpur v. Ulta Salon Cosmetics & Fragrance, Inc.*, the U.S. District Court for the Eastern District of Washington granted a stay pending a decision on the defendant's motion to dismiss, pointing out that the plaintiff had not identified any prejudice that would result from a stay, that discovery had not yet commenced, and that the plaintiffs did not contend that the motion to dismiss raised any factual questions that could not be decided without discovery. No. 25-cv-0284-RLP (E.D. Wash.), ECF No. 48. Notably, the

---

[1] Plaintiffs' counsel have filed at least 31 CEMA cases in the last six months.

DEFENDANT'S MOTION TO STAY DISCOVERY – 5
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

court in *Shahpur* took into consideration that there were other similar putative class actions pending and that "[t]he close timing of the cases and the similar issues suggest efficiency is served by a stay." *Id.* at 5.

Here, as in *Bajwa*, *Brown*, and the cases cited above, Sheex moved to dismiss the *entirety* of the Complaint as a matter of law, and Sheex's Motion should be granted. For purposes of this Motion to Stay, Sheex need not establish here that its Motion to Dismiss *will* be granted—rather, it is enough to show that the pending motion is not frivolous and *may* be dispositive of the entire dispute. "Defendant is not required to show that the Complaint has virtually no chance of surviving the Motion to Dismiss. It is simply relevant that the motion may be completely dispositive." *Subspace Omega, LLC v. Amazon Web Serv., Inc.*, No. 23-cv-1772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (granting stay of discovery pending outcome of motion to dismiss, this Court noting that "the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims"); *Gossage v. Off. of Pers. Mgmt.*, No. 24-cv-5765-TMC, 2025 WL 437752, at *2 (W.D. Wash. Feb. 7, 2025) (quoting *Subspace Omega* and staying discovery); *see also Moss v. Cleo AI, Inc.*, No. 25-cv-0879-MLP (W.D. Wash. July 20, 2025), ECF No. 44 (Order Granting Motion to Stay, finding defendant's motion to dismiss to be "not frivolous"). Sheex's Motion to Dismiss is far from frivolous and, if granted, it will be dispositive of the entire dispute.

### B. No Discovery is Necessary for the Court to Rule Upon Sheex's Motion to Dismiss the Complaint.

Sheex's Motion to Dismiss challenges Plaintiff's theory of liability as a matter of law. Discovery is not necessary to determine whether Plaintiff's CEMA claim is preempted by federal law or pled with the requisite particularity. Plaintiff's broad discovery requests are not germane to the threshold legal questions and have no bearing upon whether the Complaint states a claim as pled. *See* Brooks Decl. ¶5. Because the Motion does not raise any issues of fact, and only issues of law, there is no question that the Court can rule upon it without any discovery whatsoever. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there

DEFENDANT'S MOTION TO STAY DISCOVERY – 6
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

are factual issues raised by a Rule 12(b) motion.").

## C.     The Equities Favor a Stay.

In addition to the two-part test articulated above, and consistent with its inherent powers, "[a] court may also consider other factors, including the risk of unfair prejudice to the party opposing the stay and the conservation of the court's resources." *Amazon Prime Video Lit.*, 2025 WL 254546, at *1 (quotations omitted). Here, these equitable considerations also favor a stay.

First, a stay of discovery will conserve private (and potentially judicial) resources and expenses that may prove entirely unnecessary. *Silbaugh v. Chao*, No. 17-cv-1759-RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (staying discovery pending resolution of motion to dismiss: "Defendant reasonably contends that discovery may be an unnecessary expense in this case . . . . By moving now, Defendant may save both parties time and money."). The burden of discovery in this case is especially pronounced given that Plaintiff seeks to pursue a putative class action under Rule 23. The broad discovery requests served by Plaintiff demonstrate the immense burden discovery will put on Sheex before its dispositive motion has even been decided. Before the legal theory of the Complaint is assessed, discovery sought by Plaintiff would span the entire putative class, which only further counsels in favor of a stay.

Second, a discovery stay will not prejudice Plaintiff in any way. Plaintiff does not need discovery to respond to Sheex's Motion to Dismiss; indeed, the Motion is fully briefed. Should Sheex's Motion to Dismiss be denied, discovery will commence and proceed apace, consistent with this Court's scheduling order, and Plaintiff will be free to use the tools of civil discovery at his disposal. But nothing in the record provides even an inference that those tools are necessary at this point to avoid prejudice to Plaintiff.

By contrast, forcing Sheex to undergo the expense and time burdens of discovery when the entire case may be dismissed as a matter of law is contrary to the purposes of Rule 12(b)(6) and prejudicial to Sheex at this juncture. "'The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*.'" *See Nissen v. Lindquist*, 2016 WL 2866303, at *1 (emphasis added) (quoting *Rutman*

DEFENDANT'S MOTION TO STAY DISCOVERY – 7
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Wine Co.*, 829 F.2d at 738) (granting motion to stay discovery). As multiple courts have explained, "'[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.'" *Id.* at *1 (*quoting Rutman Wine Co.*, 829 F.2d at 738). So too here.

### D.    Plaintiff's Discovery Requests Amount to an Improper Fishing Expedition.

It is well established that plaintiffs "cannot use discovery as a fishing expedition to support conclusory claims." *Ali v. City of Culver City*, 2020 WL 14032073, at *5 (C.D. Cal. Dec. 9, 2020); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). That is precisely what Plaintiff attempts to do here.

As explained in Sheex's Motion to Dismiss, the Complaint does not plausibly allege that Sheex's subject lines were false or deceptive. *See* Dkt. 20. At best, the Complaint alleges that Sheex held similar sales close in time to each other. With his broad discovery requests, Plaintiff is clearly hoping to uncover facts that would allow them to state a claim—the very definition of a discovery fishing expedition. This is improper and unnecessarily burdensome. A discovery stay is warranted.

//

//

DEFENDANT'S MOTION TO STAY DISCOVERY – 8
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## V.    CONCLUSION

For the reasons explained above, Sheex's Motion to Stay Discovery should be granted and discovery should be stayed until Sheex's Motion to Dismiss is decided.

DATED: April 8, 2026

BALLARD SPAHR LLP

By:  *s/ Meegan B. Brooks*
    Meegan B. Brooks, WSBA No. 62516
    71 Stevenson Street, Suite 400
    San Francisco, CA 94105
    Phone: 424.204.4400
    brooksm@ballardspahr.com

    Callie A. Castillo, WSBA No. 38214
    Taylor Washburn, WSBA No. 51524
    Erika O'Sullivan, WSBA No. 57556
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101
    Phone: 206.223.7000
    Fax: 206.223.7107
    castilloc@ballardspahr.com
    washburnt@ballardspahr.com
    osullivane@ballardspahr.com

*Attorneys for Defendant SHEEX, Inc.*

I certify this Memorandum contains 2,614 words in compliance with the Local Civil Rules.

DEFENDANT'S MOTION TO STAY DISCOVERY – 9
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107