THE HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,

Plaintiff,

vs.

SHEEX, INC.,

Defendant.

Case No. 3:25-cv-5807-DGE

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

## I.    INTRODUCTION

Discovery stays are disfavored and require a strong showing of good cause. Sheex has not come close to meeting this burden. Courts in the Western District of Washington have held that the mere filing of a motion to dismiss does not justify halting discovery. Sheex's claim that its Motion to Dismiss may dispose of the case is premature, speculative, and is founded on a flawed legal theory. Sheex has also refused to entertain Plaintiff's reasonable proposed discovery compromise while Sheex's motion to dismiss is pending, instead insisting on a production so limited that Plaintiff cannot determine the number of violative emails or the potential scope of damages.. Toops Decl. ¶¶ 9-10. All this means simply that Sheex's motion must be denied.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 1 -

STRANCH, JENNINGS & GARVEY, PLLC
223 ROSA L. PARKS AVENUE, SUITE 200
NASHVILLE, TN 37203
TEL.: (615) 254-8801

This Court has already denied multiple motions to dismiss in cases with nearly identical claims and defenses by retailers in other cases under the same statute. *See, e.g.*, *Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026); *Jerde v. Bylt LLC*, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026); *Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 2:25-CV-00284-RLP, __ F. Supp. 3d __, 2026 WL 571122 (E.D. Wash. Feb. 27, 2026); *Kempf, et al., v. FullBeauty Brands Ops.,* No. C25-1141 TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026); *Ma v. Nike, Inc.,* No. 2:25-cv-01235-JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC,* No. C25-1115 TSZ, __ F. Supp. 3d __, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025); *see also generally Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025).[1] This is a lengthy string citation for a simple reason – CEMA is not preempted, it is not unconstitutional, and Plaintiff's complaint here is well pled. Sheex's arguments to the contrary should not persuade. ECF No. 20 (motion to dismiss).

Plaintiff offered a reasonable compromise by proposing limited discovery focused on class size and representative email templates before the Court issues its determination of the Rule 12 motion. Despite Plaintiff's offer, Sheex seeks a complete discovery freeze. Because Sheex fails to demonstrate good cause under Federal Rule of Civil Procedure 26(c), and because a stay would prejudice Plaintiff, the Court should deny Defendant's Motion in full. Plaintiff's Response in

---

[1] The Attorney General of Washington has recently taken the position in other cases that CAN-SPAM does not preempt CEMA. *See, e.g.*, *Shapur v. Ulta*, Case No. 2:25-cv-00284-RLP (E.D. Wa.), D.E. 51 (Feb. 3, 2026); *Agnew v. Macy's*, Case No. 2:25-cv-02006-JHC (W.D. Wa.), D.E. 22 (Feb. 3, 2026). Plaintiff respectfully requests that this Court take judicial notice of the briefs filed by the Attorney General in those cases. *Happy Inv. Grp. v. Lakeworld Props., Inc.*, 396 F. Supp. 175, 183 n.6 (N.D. Cal. 1975) (finding brief by attorney general was susceptible to judicial notice as matter of public record); *see also Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 858 (N.D. Cal. 2024) (judicial notice of government briefs appropriate); *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) (judicial notice of publicly available documents appropriate).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 2 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

Opposition to Defendant's Motion to Stay is supported by the arguments and authorities below, as well as the Declaration of Lynn A. Toops submitted herewith ("Toops Decl.").

## II.    BACKGROUND

Plaintiff is a Washington consumer who shares a common affliction with putative class members; their email inboxes are infected with deceptive emails warning of impending deadlines and urging them to participate in promotional offers lest the opportunity be lost. To the consumers' detriment, transmitting such messages have no intention of educating consumers about deals nor communicating accurate terms.

Impending deadlines. Fleeting deals. When presented accurately, subject lines containing these facts make for an informed consumer. Yet some retailers fabricate details so they can pressure and mislead consumers with false representations about the time scarcity of offers. Sheex is such a retailer.

## III.    LEGAL STANDARD

District courts have broad discretion to supervise the discovery process. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The party seeking a stay bears the burden of showing good cause and reasonableness. Fed. R. Civ. P. 26(c). Courts in the Western District of Washington apply a two-part test when considering whether to stay discovery pending a dispositive motion: (1) whether the pending motion is potentially dispositive of the entire case or the issue on which discovery is sought; and (2) whether the motion can be decided without additional discovery. *In re Amazon Prime Video Litig.*, No. 24-cv-0186, 2025 WL 254546, at 1 (W.D. Wash. Jan. 21, 2025). Even if these factors are satisfied, courts must also consider the prejudice to the non-moving party and whether a stay would promote judicial economy. *Little*, 863 F.2d at 685.

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY                    - 3 -
Case No. 3:25-cv-5807-DGE

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

Importantly, discovery should not be stayed simply because a motion to dismiss has been filed. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (quoting *Gray,* 133 F.R.D. at 40). This Court has relied on this same reasoning to deny motions to stay discovery. *See Clark v. Whitepages, Inc.*, 2:25-CV-00810-TL, 2026 WL 100727 (W.D. Wash. Jan. 14, 2026).

## IV.    ARGUMENT

### A. Defendant Has Not Demonstrated That Its Motion To Dismiss Is Clearly Dispositive.

Defendant has no true basis for its assertion that its motion to dismiss could dispose of this case, especially where several recent decisions have rejected substantively identical arguments on substantively identical pleadings. *See, e.g.*, *Macy's*, 2026 WL 764140 ; *Ulta*, 2026 WL 571122; *Kempf*, 2026 WL 395677; *Ma*, 2026 WL 100731; *Harrington*, 2025 WL 3677479. In *all* the cases listed, the court denied defendant's motion to dismiss based on the conclusion that plaintiff plausibly pleaded that defendant had actual and/or constructive knowledge of plaintiff's Washington residency before sending emails with allegedly false or misleading subject lines. Similarly in this case, Plaintiff has pled claims under CEMA and Washington Consumer Protection Act and shown with "particularity a pattern of sending commercial emails to addresses" that Sheex knew or should have known belonged to Washington residents with subject lines containing allegedly false or misleading information. *Harrington*, 2025 WL 3677479. Furthermore, Sheex argues that Plaintiff's claims under CEMA are preempted by the CAN-SPAM Act. Courts have

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 4 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

repeatedly recognized that CAN-SPAM does not preempt state law claims involving falsity or deception in commercial emails. (Dkt. 17, at 3-9), *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009) (collecting cases). Again, these arguments have been recently rejected in four decisions from this Court and there is no basis that Sheex's Motion to Dismiss will be any different.

Sheex cites *Brown v. Old Navy*. But *Brown* granted only a partial stay, undermining Sheex's request for a blanket stay here despite Plaintiff's discovery compromise that Defendant never responded to. Toops Decl. ¶¶ 8-11. *Bajwa v. Nat'l Auto. Parts Assoc., LLC*, No. 2:25-cv-2280-RAJ (W.D. Wash.) is distinguishable because, unlike the Court's *sua sponte* order in *Bajwa*, Sheex's request must be justified under the standard for discovery stays – it cannot meet that standard because no court has granted a Defendant's motion to dismiss in a CEMA case. *Ulta*, also cited by Defendant in support of its stay motion, confirms this – there, the Court denied the motion to dismiss as well. The motion fails because Defendant hasn't demonstrated that the motion is clearly dispositive – quite the opposite, motions to dismiss CEMA cases are routinely denied. This is recent and on point authority that supports Plaintiff – not Sheex.

**B. Discovery Is Relevant Regardless of the Motion to Dismiss.**

Plaintiff's discovery requests focus on core issues, including:

- the scope of Defendant's marketing email campaigns;

- the number of Washington consumers who received the emails;

- Defendant's drafting and approval of subject lines; and

- internal marketing policies and practices.

Toops Decl. ¶ 6. Even if the Court were to grant Defendant's motion in part, these topics would remain central to the claims alleged and class certification. Courts deny discovery stays where

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY                    - 5 -
Case No. 3:25-cv-5807-DGE

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

discovery relates to class certification or other issues that will persist regardless of the motion. *See Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011).

**C. Plaintiff will be Prejudiced by a Discovery Stay.**

A stay prejudices Plaintiff's ability to obtain evidence necessary to prosecute his claims. Electronic marketing data and internal communications may become more difficult to locate as time passes. Delaying discovery also slows the overall progress of the case and undermines the Federal Rules' mandate to secure the "just, speedy, and inexpensive determination" of actions. Fed. R. Civ. P. 1.

Notably, Plaintiff presented a reasonable compromise to Defendant by proposing limited initial discovery to narrow the scope of discovery to reach a compromise and avoid motion practice. Toops Decl. ¶¶ 8-12. The discovery requests offered were:

1. The number of unique Washington email addresses or persons that received marketing emails in the 4 years preceding the filing of the Complaint. Defendant's Director of eCommerce, William Robert Price, has already reviewed SHEEX subscriber listserv and determined that at least 5,788 individuals with an address in Washington were signed up to receive SHEEX advertising emails from September of 2021 to the present. *Id*.

2. Because Sheex has already responded to the first request, the only outstanding informal discovery request is Plaintiff's request for a production of a template of each marketing email that was sent in the 4 years preceding the filing of the Complaint. *Id*.

Defendant rejected the proposed discovery compromise discussed on April 20, 2026, and proposed a substantially narrower production, which would not provide Plaintiff with information sufficient to even estimate class size or the number of violative emails sent. Toops Decl. ¶ 13.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 6 -

**D. Defendant's Burden Arguments are Insufficient.**

Generalized assertions of burden do not and cannot establish good cause under Rule 26(c). The discovery requests concern Defendant's own email marketing campaigns, records, and systems. Such information should be readily available to Defendant. So, on their face, Defendant's burden arguments fail.

A stay is not justified simply because discovery may cost money. *See*, *e.g.*, *Hoopes Vineyard LLC v. Cnty. of Napa,* 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025) ("Moreover, Napa County fails to identify a particular or specific need for a protective order, asserting only that a stay will promote efficiency for the Court and the parties and conserve the parties' resources. Such blanket concerns, which are true in the mine run of litigation, do not establish good cause for a protective order."); *Smith v. Levine Leichtman Cap. Partners Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendant's argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses."). By providing nothing more than vague references to costs and burdens, Sheex failed to demonstrate hardship or inequity to justify a stay of discovery.

Defendant has acted unreasonably in the face of Plaintiff' efforts to narrow the scope of discovery pending the motion to dismiss. Toops Decl. ¶¶ 8-12. Plaintiff has made a good faith effort to compromise by offering that Defendant respond to two limited requests pending the Court's determination of the motion to dismiss. Defendant cannot argue "burden" when its counterproposal is so substantially limited as to effectively prevent Plaintiff from even estimating class size and the number of violative emails sent.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY Case No. 3:25-cv-5807-DGE

- 7 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

## V.   CONCLUSION

Defendant calls Plaintiff's discovery a fishing expedition. Mot., 8. Plaintiff has pleaded specific claims regarding misleading marketing emails. The discovery requests are tailored to the content of those emails; the processes behind them; and the scope of dissemination. Defendant is simply attempting to evade discovery by its Motion. Sheex has not demonstrated that a stay of discovery is warranted. Its motion to dismiss is not clearly dispositive, discovery is relevant to issues that will remain in the case, and a stay would prejudice Plaintiff while unnecessarily delaying the litigation. For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery.

*[Counsel signatures to follow on next page.]*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 8 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

DATE: April 23, 2026

Respectfully submitted,

*/s/ Michael C. Tackeff*
Michael C. Tackeff *(pro hac vice)*
J. Gerard Stranch, IV *(pro hac vice)*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com
gstranch@stranchlaw.com

Lynn A. Toops *(pro hac vice)*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss, WSBA No. 46971
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com

Walter M Smith
**SMITH & DIETRICH LAW OFFICES PLLC**
1226 STATE AVE NE
STE 205
OLYMPIA, WA 98506
360-915-6952
Email: walter@smithdietrich.com

*Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 9 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**

## WORD COUNT CERTIFICATE

I hereby certify that this response contains 2,061 words, in compliance with the Local Civil Rules.

/s/ Michael C. Tackeff
Counsel for Plaintiff

PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY                - 10 -
Case No. 3:25-cv-5807-DGE

STRANCH, JENNINGS & GARVEY, PLLC
223 ROSA L. PARKS AVENUE, SUITE 200
NASHVILLE, TN 37203
TEL.: (615) 254-8801

## CERTIFICATE OF SERVICE

I, Michael C. Tackeff , hereby certify that on April 23, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 23rd day of April, 2026.

Respectfully submitted,

/s/ Michael C. Tackeff
Michael C. Tackeff (pro hac vice)
J. Gerard Stranch, IV (pro hac vice)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
mtackeff@stranchlaw.com
gstranch@stranchlaw.com
*Counsel for Plaintiff*
*and the Proposed Class*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY
Case No. 3:25-cv-5807-DGE

- 11 -

**STRANCH, JENNINGS & GARVEY, PLLC**
**223 ROSA L. PARKS AVENUE, SUITE 200**
**NASHVILLE, TN 37203**
**TEL.: (615) 254-8801**