IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW DEVIVO, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHEEX, INC.,<br><br>Defendant. | Case No. 3:25-cv-5807-DGE<br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY<br><br>NOTE ON MOTION CALENDAR: APRIL 29, 2026 |

## I. Introduction

Plaintiff Andrew Devivo's ("Plaintiff") Opposition sidesteps the governing standard on a motion to stay discovery pending a dispositive motion (whether a pending motion is *potentially* dispositive and can be decided without additional discovery) and instead focuses on premature claims of merit and prejudice -- no discovery has commenced, and Sheex, Inc. ("Sheex") has a dispositive motion pending that if granted, will resolve this action in its entirety. Courts in this district have recognized that a stay of discovery is warranted where, as here, a pending motion raises threshold legal issues that may dispose of the case before the parties incur the burden and expense of discovery. *See e.g., Shahpur et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.,* Case No. 2:25-cv-00284-RLP (ECF No. 48, Jan. 1, 2026) (granting stay in part because there would be no hardship to the parties in doing so and it would not halt efforts of either party since discovery had not yet commenced).

DEFENDANT'S REPLY – 1
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

This is especially true within the context of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"), where the governing law remains unsettled and courts are actively staying similar actions in light of ongoing appellate developments and evolving authority. Indeed, multiple courts have stayed CEMA and CPA cases in their entirety in light of the Washington Supreme Court's recent April 2026 decision in *Montes v. SPARC Group, LLC,* No. 23-35496, which is now before the United States Court of Appeals for the Ninth Circuit. This appeal follows the Washington Supreme Court's answer to the question certified by the Ninth Circuit, in which the court held a consumer who alleges she purchased a product at the advertised price because of a misrepresentation about the product's discounted price, comparative price, or price history did not allege a cognizable CPA injury because she did not allege an objective economic loss; "disappointment" is not a cognizable injury. *Montes v. SPARC Group LLC,* 2026 WL 900481 (Wash. Apr. 2, 2026).

A stay is particularly appropriate here because discovery has not yet begun, and Plaintiff cannot identify any concrete prejudice from a temporary pause. In contrast, Plaintiff's discovery requests are sweeping and seek, *inter alia*, four years of marketing emails, which would impose a substantial and unnecessary burden on Sheex when the viability of Plaintiff's claims is uncertain. Courts routinely reject such premature, burdensome discovery requests in favor of resolving dispositive motions first. Plaintiff also fails to show, and cannot show, that any discovery, let alone the discovery he has proposed – in his formal requests or informal requests (which Sheex attempted to respond to in good faith) – is necessary to resolve Sheex's pending Motion to Dismiss.

Plaintiff alleges that he would suffer prejudice if the discovery stay is granted because "[e]lectronic marketing data and internal communications ***may*** become more difficult to locate" without any support in support of his claim. (Opp. at 6) (emphasis added). Plaintiff's generalized and speculative assertion is not supported by fact or law. Further, Plaintiff admits that Sheex has already voluntarily provided information regarding the number of people with Washington state addresses who were signed up to receive Sheex's marketing emails during the proposed class period. Plaintiff's remaining demand for the production of a "template" of *all* emails that Sheex

DEFENDANT'S REPLY – 2
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

has sent during a four-year period for purposes of finding more allegedly "violative emails" is a blatant fishing expedition that is unjustly burdensome to Sheex at this stage.

Accordingly, good cause exists for a stay, and Sheex's motion should be granted.

**II.     Ongoing Appellate Developments and the Potentially Dispositive Nature of Sheex's Motion Weigh Strongly in Favor of a Stay of Discovery**

Plaintiff argues that Sheex will not prevail on its Motion to Dismiss because some courts have denied other defendants' motions to dismiss in CEMA actions and that this Court should deny Sheex's request for a stay on that basis alone.  Opp. at 3-5.  Not so.

Plaintiff's argument is not only wrong but unsupported by the cases he cites in his Opposition.  As Sheex explained in its motion, "a Defendant is not required to show that the Complaint has virtually no chance of surviving the Motion to Dismiss. It is simply relevant that the motion may be completely dispositive."  Mot. at 6; *Subspace Omega, LLC v. Amazon Web Serv., Inc.*, No. 23-cv-1772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024).  Further, in the *Shahpur et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.* case that Plaintiff cited (Opp. at 2), the court ***granted*** a motion to stay when a similar motion to dismiss was pending because there would be no hardship to the parties in doing so and it would not halt efforts of either party because discovery had not yet commenced.  Case No. 2:25-cv-00284-RLP (ECF No. 48, Jan. 1, 2026).

That same logic applies with even greater force in light of the broader legal landscape. In the very cases Plaintiff cites, courts have gone further – ***staying entire actions*** pending resolution of a dispositive legal issue now before the United States Court of Appeals for the Ninth Circuit. *See Harrington v. Vineyard Vines, LLC*, C25-1115 (W.D. Wash.) (staying case until further order of the Court in light of *Montes v. SPARC Group, LLC,* No. 23-35496, which is now before the United States Court of Appeals for the Ninth Circuit, following the Washington Supreme Court's answer to the question certified by the Ninth Circuit); *Kempf v. FullBeauty Brands Operations LLC* (W.D. Wash.), C25-1141 (same); *Perdomo v. Fullbeauty Brands Operations LLC*, 3:25-cv-05844-TSZ (W.D. Wash.) (same).  In *Montes v. SPARC Group LLC*, the Washington Supreme Court held that a consumer who alleges she purchased a product at the advertised price because of

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

a misrepresentation about the product's discounted price, comparative price, or price history did not allege a cognizable CPA injury because she did not allege an objective economic loss. 2026 WL 900481, at *8. The court's conclusion that "disappointment" is not a cognizable injury is directly relevant here, as Plaintiff alleges violations of CPA and CEMA. *See id.* This uncertainty in the law further warrants the Court's issuance of a discovery stay.

Plaintiff provides ***no*** explanation as to how Sheex's Motion to Dismiss, if granted, would not dispose of his claims in their entirety, and Plaintiff's attempt to brush aside the case law supporting a stay is meritless. *See* Opp. at 4-5. Plaintiff attempts to distinguish *Brown v. Old Navy, LLC*, but his attempts fall flat. The *Brown* court's decision to allow limited "discovery to identify entities to 'ensure that they receive preservation notices'" does not change the fact that it otherwise "generally stayed" the case with respect to all other discovery pending the defendant's motion to dismiss. *Brown*, No. 23-cv-0781-JHC (W.D. Wash.) (ECF No. 26). The type of extensive, substantive discovery Plaintiff seeks here falls squarely within the scope of *Brown*'s stay. Plaintiff's arguments regarding *Bajwa v. Nat'l Auto. Parts Assoc., LLC* fair no better. Although the court there issued a stay *sua sponte*, it did so for "good cause," the same fundamental standard at issue in this case. *See Bajwa*, No. 2:25-cv-2280-RAJ (W.D. Wash.) (Minute Order, Nov. 24, 2025); *see also* Mot. at 4. Finally, the fact that the *Ulta* court ultimately decided to deny the motion to dismiss is irrelevant—as noted above, the court previously granted a motion to stay discovery until the motion to dismiss was decided. *Shahpur v. Ulta Salon Cosmetics & Fragrance, Inc.*, No. 25-cv-0284-RLP (E.D. Wash.) (ECF No. 48 at 4).

Accordingly, the first factor (whether a pending motion is ***potentially*** dispositive of the entire case) weighs in favor of granting a stay.

**III.    It is Undisputed that No Discovery is Necessary to Resolve the Motion to Dismiss**

Plaintiff does not dispute that discovery is unnecessary for the Court to rule on Sheex's Motion to Dismiss, which is the relevant factor in deciding whether a stay is warranted. Opp. at 5-6. Instead, he claims that his discovery requests remain relevant even if the Court grants Sheex's Motion. *Id.* That is fundamentally incorrect. As explained above, granting Sheex's Motion would

DEFENDANT'S REPLY – 4
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

dispose of Plaintiff's claims in their entirety, and Plaintiff has failed to show otherwise. Thus, there would be no need for the class discovery Plaintiff claims would still be relevant. *Id.* at 5.

Accordingly, the second factor (whether a pending dispositive motion can be decided without additional discovery) weighs in favor of granting a stay.

**IV.  A Stay of Discovery Will Not Prejudice Plaintiff**

Plaintiff is unable to meaningfully dispute that the governing standard favors a stay, and pivots to arguing that the Court should nonetheless deny one based on purported prejudice and an alleged lack of burden to Sheex. Opp. at 6–7. Neither argument withstands scrutiny.

First, Plaintiff's claim that a stay will make "[e]mail marketing data and internal communications … more difficult to locate" is meritless. Opp. at 6. Sheex's proposed stay is temporary until there is a ruling on it Motion to Dismiss, appropriate preservation holds are in place, a stipulated protective order has been entered, and the parties are almost finished negotiating a stipulated ESI Order to further outline the contours of future discovery, if necessary. Nothing about a temporary stay will prevent Sheex from producing documents and information in response to relevant and proportional requests and agreements within a reasonable time after the stay is lifted. The only other prejudice Plaintiff alleges is that a stay would delay the case (which Sheex denies), but delay is not the type of prejudice that can support denying a stay. *See, e.g.*, *Am. GNC Corp. v. Nintendo Co.*, No. 2:23-CV-00302-TL, 2024 WL 2154227, at *2 (W.D. Wash. May 14, 2024) ("Plaintiff has not made any showing of undue prejudice or clear tactical disadvantage beyond 'mere delay,' which is not enough.").

Plaintiff's characterization of the parties' attempts to reach a compromise outside the context of Sheex's instant Motion to Stay does not show prejudice, or warrant denying Sheex's Motion, either.  Sheex maintains that discovery is not necessary or warranted at this stage but nonetheless has made, and continues to make, good faith efforts to reach a compromise. Sheex has already provided Plaintiff with the number of Washington residents who signed up to receive Defendant's marketing emails during the proposed class period, as Plaintiff concedes. Sheex also first offered to provide Plaintiff with a sample of all emails sent by Sheex during a one-week

DEFENDANT'S REPLY – 5
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

"snapshot" period to persons signed up to receive Sheex marketing emails with a Washington state address. Most recently, on the day it filed the instant Reply, Sheex offered to provide an identification of the subject lines of emails it sent during a sample one-week period for each of the four years of the proposed class period.  This is more than reasonable.

In any event, Plaintiff has failed to show that he needs, or is entitled to, this type of discovery immediately, let alone that he will be prejudiced without it during a stay. Plaintiff concedes that Sheex already volunteered information about the number of Washington residents that were signed up to receive Sheex marketing emails during the proposed class period. (Opp. at 6) ("Sheex has already responded to the first request …."). Plaintiff fails to offer any explanation as to why, despite having such information, he is unable to "estimate class size." *Id.* Plaintiff also fails to demonstrate why his only other "outstanding informal discovery request" is appropriate and necessary at this time. Not only has Plaintiff never explained what he means when asking for "templates" of each email, his demand for such templates for every email sent by Sheex over a four-year period amounts to no more than a fishing expedition. He admits as much in his response, saying such discovery is needed to find more allegedly "violative emails." (Opp. at 6); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").

Second, Plaintiff's arguments do not undercut Sheex's valid concerns regarding the burden of the discovery he seeks. Plaintiff's demand for a "template" of every email sent by Sheex over a four-year period is overbroad, disproportional to the needs of the case, and unduly burdensome, especially at a time when discovery would otherwise be stayed. At a minimum, the costs Sheex would incur to provide such discovery are far more burdensome and prejudicial to Sheex than the short delay Plaintiff would endure if the stay is granted.

## V.    Conclusion

For the reasons explained above, Sheex's Motion to Stay Discovery should be granted and discovery should be stayed until Sheex's Motion to Dismiss is decided.

DEFENDANT'S REPLY – 6
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

DATED: April 29, 2026

BALLARD SPAHR LLP

By: *s/ Meegan B. Brooks*
Meegan B. Brooks, WSBA No. 62516
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: 424.204.4400
brooksm@ballardspahr.com

Callie A. Castillo, WSBA No. 38214
Taylor Washburn, WSBA No. 51524
Erika O'Sullivan, WSBA No. 57556
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: 206.223.7000
Fax: 206.223.7107
castilloc@ballardspahr.com
washburnt@ballardspahr.com
osullivane@ballardspahr.com

*Attorneys for Defendant SHEEX, Inc.*

I certify this Memorandum contains 2,109 words in compliance with the Local Civil Rules.

DEFENDANT'S REPLY – 7
Case No. 3:25-cv-5807-DGE

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107